IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHITE, | ) | |
|     Plaintiff | ) | C.A. 14-316 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| CHACE FARRELL, et al., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter

**I.     INTRODUCTION**

    **A.     Relevant Procedural History**

On December 23, 2014, Plaintiff Robert White, a prisoner incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed this *pro se* civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the following Defendants: Chace Farrell (incorrectly identified by Plaintiff as "Carl Farrell"), who was a Correctional Counselor at FCI-McKean at all relevant times hereto; and Keith Williams, Unit Manager at FCI-McKean. Plaintiff claims that Defendants violated his due process rights under fourteenth amendment to the United States Constitution by sanctioning him to placement in a ten-man cell without following proper disciplinary procedures. As relief for his claims, Plaintiff seeks monetary damages.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 7, 14].

1

On November 4, 2015, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 10], asserting, *inter alia,* that Plaintiff failed to exhaust his administrative remedies with regard to his claims. Plaintiff filed a reply brief in response to Defendants' motion on December 4, 2015 [ECF No. 15]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if

3

the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid

summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be

admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### **3.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## **II.** **DISCUSSION**

Defendants contend that Plaintiff's complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

### A.     Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency=s deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### B. The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and

---

[4] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

**C.    Analysis**

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants have submitted the Declaration of Donna Johnson, Paralegal Specialist with the Federal Bureau of Prisons' Northeast Regional Office, who declares, in pertinent part:

9

> 5. On or about October 7, 2015, in connection with the above-captioned civil action, I accessed the computerized indexes of the administrative remedies filed by federal inmate, Robert White, Register Number 08089-041, to determine whether he had attempted to exhaust the highest level of administrative appeal on the issues raised in this case.
>
> 6. Following a search of the administrative remedy index, I determined that Mr. White has not exhausted his available administrative remedies regarding any of the issues raised in this civil action. My search of the Bureau of Prisons administrative remedy index for all administrative remedy requests and appeals filed by Mr. White reflects that he has attempted to file thirteen Administrative Remedy Requests and/or Appeals during his federal incarceration. Of the 13 Administrative Remedy filings, eight were accepted and responded to on the merits, and five were rejected for technical errors. The last time Mr. White accessed the Administrative Remedy Process was February 11, 2008. He has filed no Administrative Remedy Requests or Appeals regarding any issue raised in this civil action.

(ECF No. 11-1 at ¶¶ 5-6).

In response, Plaintiff does not deny that he failed to exhaust his administrative remedies, nor has he provided any evidence proving otherwise. Instead, he argues that "all administrative remedies were closed when defendant(s) failed to follow due process requirements in a prison disciplinary hearing." (ECF NO. 15, Plaintiff's reply brief, at pp. 3-4). However, it is this alleged denial of due process that Plaintiff was required to grieve through the available administrative process before filing the present lawsuit. This he failed to do.[5] As a result, Plaintiff's claims will be dismissed for Plaintiff's failure to exhaust administrative remedies in accordance with the

---

[5] The Court notes that Plaintiff has not argued that he was denied the proper grievance forms or that Defendants otherwise interfered with his attempts to file a grievance regarding the issues raised in this case.

PLRA.[6]

An appropriate Order follows.

---

[6] Because this Court recommends dismissal based upon Plaintiff's failure to exhaust administrative remedies, there is no need to address the other arguments raised by Defendants in their motion.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WHITE, | ) | |
|     Plaintiff | ) | C.A. 14-316 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| CHACE FARRELL, et al., | ) | |
|     Defendants. | ) | |

## **ORDER**

AND NOW, this 21st day of June, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 10], is GRANTED and this case is DISMISSED.

The Clerk is directed to mark this case closed.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge